

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0702-13

**SYLVESTER KELLY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### GREGG COUNTY

**ALCALA, J., filed a concurring opinion.**

### CONCURRING OPINION

Although I agree that a court of appeals should not decide an *Anders* appeal until after

a defendant who so desires has had an adequate opportunity to review the record and prepare

a pro se brief,[1] I disagree with the majority opinion's creation of a new requirement that "the

court of appeals has the ultimate responsibility to make sure that . . . the appellant is granted

access to the appellate record." I disagree with this aspect of the Court's holding because an

---

[1]     *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967) (describing pre-withdrawal requirements for an appointed attorney who believes that an appeal is frivolous).

attorney—not an appellate court—has the ultimate responsibility to represent his client by obtaining the record for him if that record is necessary to the client's preparation of a pro se brief in response to an *Anders* appeal. I also disagree with the majority opinion's micromanagement of the courts of appeals by now requiring them to enter a written order in every *Anders* case they receive, rather than permitting them to address these appeals in any way that achieves the desired result. Recognizing that there is no general problem here for it to fix, the majority opinion accurately observes that, "[b]y all accounts, each of these procedures [employed by the courts of appeals] has worked tolerably well in the past[.]" Undeterred, the majority opinion nevertheless prescribes heavy regulation of all future *Anders* cases in the form of the following requirements: (1) the court of appeals must issue a "formal written order"; (2) the order must "require the entity who is designated to arrange the appellant's access to the record . . . to report to the court of appeals, in writing, when the record has been made available to the appellant"; (3) the appellate court must send copies of the written order to "the appellant, his appellate counsel, the State, the trial court, and the trial court's clerk"; and (4) the appellate court must ultimately be responsible for getting the record to an appellant. This reminds me of the adage, if it ain't broke, then regulate it until it is.

I would resolve this case on the narrower basis that the court of appeals erred by deciding the *Anders* appeal without ensuring that Sylvester Kelly, appellant, had an adequate opportunity to obtain the appellate record and prepare a pro se brief in response, and on that sole basis I would reverse the judgment of the court of appeals. *See Kelly v. State*, No. 06-

12-00141-CR, 2013 WL 1804115, at *1 (Tex. App.—Texarkana Apr. 26, 2013) (mem. op., not designated for publication). I, therefore, respectfully concur in this Court's judgment but do not join the majority opinion in fashioning an overly burdensome regulatory framework to combat a problem that appears to be confined to the facts of this case.

## I. Courts of Appeals Do Not Have the Ultimate Responsibility to Provide A Record

Unlike the Texas Rules of Appellate Procedure, which do not place upon an appellate-court clerk the ultimate responsibility for obtaining an appellate record for a defendant, the ethical rules for attorneys do require them to zealously represent their clients until the point when they are permitted to withdraw from the case. The ultimate responsibility for providing a record to a defendant, therefore, properly falls on counsel.

Rule 12 of the Texas Rules of Appellate Procedure describes the duties of an appellate-court clerk as docketing the case, placing the docket number on each case's record, safeguarding the record, permitting individuals to withdraw the record under certain conditions, accounting for any money received, and sending the parties notice of the judgments and mandates issued in the case by the court of appeals. *See* TEX. R. APP. P. 12.1–12.6. Although the rules provide that the clerk must permit individuals to withdraw the record under certain conditions, those rules do not charge him with the ultimate responsibility to ensure that an appellant obtains access to or a copy of the record. Rather than place this burden on the appellate courts, therefore, this Court should reaffirm the well-established principle that an attorney must zealously represent his client.

The preamble to the Texas Disciplinary Rules for Professional Conduct declares that in "all professional functions, a lawyer should zealously pursue clients' interests within the bounds of the law." TEX. DISCIPLINARY R. PROF'L CONDUCT preamble ¶ 3, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. A (West 2014). Having informed his client of his belief that any grounds raised on appeal would be wholly frivolous, counsel should communicate with his client to determine whether he would like a copy of the record to assist him in preparing any pro se brief in response to counsel's *Anders* brief. *See id*. ("In [providing zealous representation], a lawyer should be competent, prompt, and diligent. A lawyer should maintain communication with a client concerning the representation."). If his client desires to file a pro se response brief, then counsel has the duty to make sure that his client is given access to the record. *See id.* R. 1.01 cmt. 6 (a lawyer, once engaged, "should act with competence, commitment and dedication to the interest of the client and with zeal in advocacy upon the client's behalf"); R. 3.01 cmt. 1 ("The advocate has a duty to use legal procedure for the fullest benefit of the client's cause[.]"). And access to the record does not mean that an attorney merely tells a defendant where he can go to get the record or what steps he must take to get it, but instead means that the attorney is responsible for taking all the necessary steps to ensure that a defendant actually receives access to the record.

Here, when appellant asked counsel for a copy of the record, counsel did nothing to ensure that appellant actually received access to the record other than merely telling him to contact the trial-court clerk, which was inadequate to ensure that appellant would receive

access to the record in time for him to prepare a pro se brief. Furthermore, counsel did not file a motion for extension of time asking the appellate court not to rule on the *Anders* brief or his motion to withdraw until appellant could obtain the record, review it, and prepare any pro se response regarding the *Anders* claim. *See Kelly*, 2013 WL 1804115, at *1 (observing that, as of date of opinion's filing, "no brief [by appellant] has been filed and no request for extension has been made"). By failing to render timely assistance in ensuring that appellant was given adequate access to the record, counsel failed in his duty to zealously represent his client. The court of appeals, aware that appellant was attempting to obtain the appellate record after his attorney had filed an *Anders* brief, erred by resolving the appeal without determining whether appellant had received the record and had been afforded an adequate opportunity to review it and prepare a pro se brief. The current rules that require an attorney to zealously represent his client until he is given permission to withdraw from representation are all that are necessary to ensure that a client receives access to the appellate record after his attorney files an *Anders* brief. It is thus unnecessary to impose new administrative regulations on the appellate courts for the purpose of resolving this case.

## II. Conclusion

This Court's decision to impose new requirements on the courts of appeals will result in an unnecessary micro-managing of those courts' administrative processes and will absolve appellate lawyers in *Anders* cases of their ethical duty to assist their clients up to the point when they are given permission to withdraw from a case. Here, the parties agree that

appellant should have been permitted access to the appellate record for the purpose of enabling him to prepare his response to counsel's *Anders* brief, and the record supports a conclusion that the court of appeals should not have decided this *Anders* appeal until after counsel had ensured that appellant received the appellate record and had an opportunity to review the record and prepare a pro se brief. Appellant, therefore, is entitled to have the opportunity to do this upon this Court's reversal and remand of this case to the court of appeals. The specific failure in this case should not be the basis for a blanket rule for the treatment of appellate records in all *Anders* appeals, which, as conceded by the majority opinion, are already being appropriately addressed by the courts of appeals at present. I, therefore, respectfully concur only in this Court's judgment.

Filed: June 25, 2014

Publish